FILED

11 JUN -6 PM 12: 15

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREY DWAYNE DORSEY,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY PROBATION DEPARTMENT,<br><br>　　　　　　　　　　Defendant. | CASE NO. 11-cv-1024 BEN (RBB)<br><br>ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; (2) DENYING REQUEST FOR APPOINTMENT OF COUNSEL; AND (3) DISMISSING ACTION WITHOUT PREJUDICE<br><br>[Docket Nos. 2, 3.] |

On May 10, 2011, Plaintiff Carey Dwayne Dorsey filed a Complaint alleging violation of the Americans with Disabilities Act. Plaintiff also filed a motion to proceed in forma pauperis and a request for the appointment of counsel. (Docket Nos. 2, 3.) The Court decides the matters on the papers submitted. For the reasons outlined below, the Court **GRANTS** Plaintiff's motion to proceed in forma pauperis, **DENIES** Plaintiff's request for appointment of counsel, and **DISMISSES** the action without prejudice.

### MOTION TO PROCEED IN FORMA PAUPERIS

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted in forma pauperis ("IFP") status pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To obtain IFP status, the moving party must

1  submit an affidavit showing that he or she cannot afford to pay the filing fee. 28 U.S.C. § 1915(a)(1);
2  *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984).
3      Here, Plaintiff's motion states that he is unemployed and has no income. Plaintiff also states
4  that he does not have a checking account, a savings/IRS/money market/CD account or an automobile,
5  and he supports his family. As such, the Court finds that Plaintiff cannot afford the filing fee in this
6  case and, based thereon, GRANTS the motion.
7      **SUA SPONTE SCREENING AND DISMISSAL**
8      A complaint filed by any person proceeding, or seeking to proceed, in forma pauperis under
9  28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal if the complaint is
10 frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief
11 from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-
12 27 (9th Cir. 2000). Having reviewed Plaintiff's Complaint, the Court finds the pleading fails to state
13 a cognizable claim for relief.
14     The legal sufficiency of a complaint is tested under Federal Rule of Civil Procedure 12(b)(6).
15 *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), dismissal is appropriate
16 if the complaint fails to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S.
17 544, 556-57 (2007). That is, the complaint must state enough facts to raise a reasonable expectation
18 that discovery will reveal evidence of the claim. *Id.* at 556. Dismissal is also appropriate when the
19 complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534
20 (9th Cir. 1984). The court must assume the truth of all factual allegations and construe them in the
21 light most favorable to the plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill
22 v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Pro se litigants are not "excused from
23 knowing the most basic pleading requirements." *American Assoc. of Naturopathic Physicians v.
24 Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000), *cert. denied* 532 U.S. 1088 (2001).
25     Here, Plaintiff's Complaint is legally insufficient because it does not identify the basis for relief
26 or the basis for this Court's jurisdiction. The Complaint consists of one sentence alleging "torts,
27 assault, libel & slander, false incarceration, lost of wages, pain, suffering, rehabilitation, and various
28 other civil rights violations." Although brought under the Americans with Disabilities Act ("ADA"),

1  the Complaint does not include any allegations involving an ADA violation. Attached to the
2  Complaint are rehabilitation determinations by the State workers' compensation board. However, the
3  Complaint does not include any allegations contesting these determinations. The most that can be
4  gleaned from the Complaint is that Plaintiff contests the denial of some type of disability benefit. How
5  this involves the San Diego Probation Department, assault or false incarceration, however, is unclear.
6  To state a plausible claim for relief, Plaintiff must allege his claims with more clarity so that the
7  defending party is at least capable of forming a response.

8        Accordingly, the Court finds that Plaintiff's Complaint fails to state a claim for relief. The
9  Complaint is, therefore, **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file
10 an amended complaint that corrects the deficiencies outlined above. <u>Any such amended complaint
11 must be filed no later than July 18, 2011</u>.

12       **III.    Appointment of Counsel**

13       Because Plaintiff's Complaint is dismissed, Plaintiff's Request for Appointment of Counsel
14 is **DENIED** as moot.

16 **IT IS SO ORDERED**.
17 Date: June 6, 2011

Hon. Roger T. Benitez
United States District Court Judge