

**FILED**

SEP 1 3 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREY DWAYNE DORSEY, | CASE NO. 11-cv-1024 BEN (RBB) |
| Plaintiff, | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| vs. | |
| SAN DIEGO COUNTY PROBATION DEPARTMENT, | |
| Defendant. | |

On May 10, 2011, Plaintiff Carey Dwayne Dorsey filed a Complaint alleging violation of the Americans with Disabilities Act. Plaintiff also filed a motion to proceed *in forma pauperis* and a request for the appointment of counsel. (Docket Nos. 2, 3.) On June 6, 2011, the Court granted Plaintiff's motion to proceed *in forma pauperis*, denied Plaintiff's request for appointment of counsel, and dismissed the action without prejudice. Plaintiff filed an amended complaint on July 19, 2011. (Docket No. 8.) For the reasons stated below, the Court **DISMISSES** the First Amended Complaint.

## BACKGROUND

Plaintiff's First Amended Complaint alleges "TORTS, of Slander, libel, assault, & false incarceration, lost wages, Pain, And Suffering, And emotional distress, And VIOLATIONS, OF THE AMERICANS WITH DISABILITIES ACT, (ADA), commented [sic] aginist [sic] me by the SAN DIEGO COUNTY PROBATION DEPARTMENT AND OFFICER JOE HART." (First Am. Compl. at 1.) The only specific facts Plaintiff alleges are as follows:

A DISCRIMINATION ACT VIOLATION OF THE ADA, was commented [sic]

11cv1024

1   aginist [sic] me by the San Diego Probation Departments, 2006-2007, Full Probation
    Report:, to my probation # 595911 to my San Diego Supeior [sic] Court of California,
2   County of SAN DIEGO CASE # SCE268049.  On Page # Eight of the Probation
    Departments Full Report, the reporting officer stated, That I HAD CURRENTLY
3   ACCURED [sic] A NEW DRUG HABBIT [sic].  For which this one false slanderlous
    [sic] statement written about me in this Full Probation Report, And the civil rights and
4   Discrimation [sic] ACTS VIOLATIONS OF THE ADA; were the outcome of the
    Assult [sic].  Causing me to receive 'torts' of Assult [sic], libel & slander, false arrest,
5   false Incarceration, Puntitive [sic] Damage's such as lost wage's, Emotional distress,
    etc, etc,.
6

7   (*Id.* at 2–3.)  Plaintiff also claims that the facts of this action are "Detailed out In my, Title II of the

8   Americans with Disabilities Act Section 504 of the Rehabilitation Act of 1973 Discrimination

9   Complaint FORMS, WITH THE United States Department of Justice, Civil Rights Division Disability

10  Rights Section Case # 204–12–0."  (*Id.* at 3.)

11                                          **DISCUSSION**

12          A complaint filed by any person proceeding, or seeking to proceed, *in forma pauperis* under

13  28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review and dismissal if the complaint is

14  frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

15  from a defendant immune from suit.  28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122,

16  1126–27 (9th Cir. 2000).  Having reviewed Plaintiff's First Amended Complaint, the Court finds that

17  the pleading fails to state a cognizable claim for relief.

18          The legal sufficiency of a complaint is tested under Federal Rule of Civil Procedure 12(b)(6).

19  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Under Rule 12(b)(6), dismissal is appropriate

20  if the complaint fails to state a facially plausible claim for relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S.

21  544, 556–57 (2007).  That is, the complaint must state enough facts to raise a reasonable expectation

22  that discovery will reveal evidence of the claim.  *Id.* at 556.  Dismissal is also appropriate when the

23  complaint lacks a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534

24  (9th Cir. 1984).  The court must assume the truth of all factual allegations and construe them in the

25  light most favorable to the plaintiff.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill*

26  *v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  *Pro se* litigants are not "excused from

27  knowing the most basic pleading requirements."  *Am. Assoc. of Naturopathic Physicians v. Hayhurst*,

28  227 F.3d 1104, 1107 (9th Cir. 2000).

11cv1024

Here, Plaintiff's First Amended Complaint is legally insufficient. Plaintiff has failed to allege facts that establish a prima facie case for discrimination under Title II of the APA, slander, or libel. *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) ("To establish a violation of Title II of the ADA, a plaintiff must show that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of her disability."); *Siam v. Kizilbash*, 130 Cal. App. 4th 1563, 1581 (Cal. App. 6th Dist. 2005) ("[C]auses of action for libel and slander require evidence of false and unprivileged publications that have a tendency to injure a person in the manner described in the statutes."); *Mann v. Quality Old Time Serv., Inc.*, 120 Cal. App. 4th 90, 106 (Cal. App. 4th Dist. 2004) ("To establish a prima facie case for slander, a plaintiff must demonstrate an oral publication to third persons of specified false matter that has a natural tendency to injure or that causes special damage."). In addition, Plaintiff fails to lay out facts that raise a reasonable expectation that discovery will reveal evidence of assault, false arrest, lost wages, emotional distress, and pain and suffering. To state a plausible claim for relief, Plaintiff must allege his claims with more clarity so that the defending party is capable of forming a response. Although Plaintiff argues that the facts are laid out in "Title II of the Americans with Disabilities Act Section 504 of the Rehabilitation Act of 1973 Discrimination Complaint FORMS, WITH THE United States Department of Justice, Civil Rights Division Disability Rights Section Case # 204–12–0," (First Am. Compl. at 3), the First Amended Complaint must be complete in itself without reference to any superseding pleading. *See* S.D. Cal. Civ. L.R. 15.1. Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a cognizable claim for relief.

## CONCLUSION

For the reasons set forth above, the First Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file a second amended complaint that corrects the deficiencies outlined above. Any such amended complaint must be filed no later than October 24,

///

///

///

11cv1024

1   2011. The second amended complaint must be complete in itself without reference to the superseded

2   pleading. *See* S.D. Cal. Civ. L.R. 15.1. Defendants not named and all claims not re-alleged in the

3   amended complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th

4   Cir. 1987).

5

6   **IT IS SO ORDERED.**

7

8   DATED: September /2, 2011

9                                                      HON. ROGER T. BENITEZ
                                                       United States District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11cv1024