

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREY DWAYNE DORSEY,<br><br>               Plaintiff,<br>vs.<br><br>SAN DIEGO COUNTY PROBATION DEPARTMENT; et al.,<br><br>               Defendants. | CASE NO. 11-CV-1024 BEN (RBB)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

On January 3, 2012, Plaintiff filed a Second Amended Complaint alleging violation of the Americans with Disabilities Act. (Docket No. 18.) For the reasons stated below, the Court **DISMISSES** the Second Amended Complaint.

### BACKGROUND

Plaintiff Carey Dwayne Dorsey alleges violation of the Americans with Disabilities Act ("ADA") and slander against Defendants San Diego County Probation Department and Officer Joe Hart. The only facts Plaintiff alleges are as follows:

> I have been a disabled American since my work related injury I received April-21-1995, while employed at Mercy Hospital and Medical Center S.D. CA. . . . And as I stated in my frist [sic] Amended Complaint, the San Diego County Probation Department violated my disibility [sic] rights, when they wrote in my full probation report that, "I had currently accured [sic] a new drug habbit [sic].

(SAC at 1–2.) Plaintiff also requests that the Court review *Dorsey v. Catholic Health Care West Mercy Hospital and Medical Center*, Case No. 11-55059 (9th Cir.).

On May 10, 2011, Plaintiff filed a Complaint alleging violation of the ADA. (Docket No. 1.) Plaintiff also filed a motion to proceed *in forma pauperis* and a request for the appointment of counsel. (Docket Nos. 2, 3.) On June 6, 2011, the Court granted Plaintiff's motion to proceed *in forma pauperis*, denied Plaintiff's request for appointment of counsel, and dismissed the action without prejudice. (Docket No. 4.) Plaintiff filed a First Amended Complaint on July 19, 2011, which was also dismissed by the Court. (Docket Nos. 8, 9.) On January 3, 2012, Plaintiff filed a Second Amended Complaint. (Docket No. 18.)

## DISCUSSION

### I. *SUA SPONTE* SCREENING

A complaint filed by any person proceeding, or seeking to proceed, *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review and dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). Having reviewed Plaintiff's Second Amended Complaint, the Court finds that the pleading fails to state a cognizable claim for relief.

The legal sufficiency of a complaint is tested under Federal Rule of Civil Procedure 12(b)(6). *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Rule 12(b)(6), dismissal is appropriate if the complaint fails to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). That is, the complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556. Dismissal is also appropriate when the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). The court must assume the truth of all factual allegations and construe them in the light most favorable to the plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). *Pro se* litigants are not "excused from knowing the most basic pleading requirements." *Am. Assoc. of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).

Plaintiff's Second Amended Complaint is legally insufficient. First, Plaintiff has failed to allege facts that establish a prima facie case for discrimination under Title II of the ADA. "To

1  establish a violation of Title II of the ADA, a plaintiff must show that (1) she is a qualified individual
2  with a disability; (2) she was excluded from participation in or otherwise discriminated against with
3  regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination
4  was by reason of her disability." *See Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Here,
5  Plaintiff has not alleged facts showing he was excluded from participation in or otherwise
6  discriminated against with regard to a public entity's services, programs, or activities, and that such
7  exclusion or discrimination was by reason of his disability.

8  Second, Plaintiff has failed to allege facts that establish a prima facie case for slander. "To
9  establish a prima facie case for slander, a plaintiff must demonstrate an oral publication to third
10 persons of specified false matter that has a natural tendency to injure or that causes special damage."
11 *Mann v. Quality Old Time Serv., Inc.*, 120 Cal. App. 4th 90, 106 (4th Dist. 2004). Here, Plaintiff does
12 not allege facts showing that either Defendant made an *oral* statement that was published to a third
13 person.

14 Plaintiff argues that the Court should refer to *Dorsey v. Catholic Health Care West Mercy*
15 *Hospital and Medical Center*, Case No. 11-55059 (9th Cir.). As stated in the September 12, 2012
16 Order (Docket No. 9), the Second Amended Complaint must be complete in itself. *See* S.D. Cal. Civ.
17 L.R. 15.1. Accordingly, the Court finds that Plaintiff's Second Amended Complaint fails to state a
18 cognizable claim for relief.

19 **II.   LEAVE TO AMEND**

20 When deciding whether to grant a plaintiff leave to amend, a court considers "bad faith, undue
21 delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously
22 amended his pleadings." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Here, Plaintiff has
23 been granted leave to amend twice. In addition, Plaintiff's allegations appear to relate to those set forth
24 in two previously filed (and dismissed) complaints in this Court. *See Dorsey v. Catholic Health Care*
25 *W. Mercy Hosp. & Med. Ctr.*, Case No. 10-CV-2264 JAH (CAB); *Dorsey v. Catholic Health Care W.*
26 *Mercy Hosp.*, Case No. 10-CV-2001 JAH (POR). Accordingly, the Court declines to grant Plaintiff
27 leave to amend.
28

## CONCLUSION

For the reasons set forth above, the Second Amended Complaint is **DISMISSED WITH PREJUDICE**. It is further ordered that the Clerk of the Court is directed to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: 3/01/2012

HON. ROGER T. BENITEZ
United States District Court Judge